IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| CATHERINE LYNN HOBBS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v.  : | CASE NO. 3:12-CV-148-MSH |
| : | Social Security Appeal |
| CAROLYN COLVIN, : | |
| Commissioner of Social Security, | |
| : | |
| Defendant. : | |
| _____ | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties have filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that he/she suffers from an

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir.

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the Plaintiff is working.  *Id.*  If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  *Id.*  Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## Administrative Proceedings

Plaintiff applied for supplemental security income and disability insurance benefits on January 15, 2009, alleging disability as of December 30, 2008, due to Bi-polar disorder, mania mood disorder, anxiety, panic attacks, agoraphobia, interstitial cystitis, migraines, and high blood pressure. (Tr. 179; ECF No. 10.) Plaintiff's application was denied, and Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). The Plaintiff appeared before the ALJ on March 3, 2011, and following the hearing, the ALJ issued an unfavorable decision on April 22, 2011. (Tr. 23-32.) The Appeals Council ultimately denied Plaintiff's Request for Review on November 7, 2012. (Tr. 1-3.) This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 25.) The ALJ found that Plaintiff had bipolar disorder and anxiety which were determined to be severe. (*Id.*) The ALJ then determined that Plaintiff's severe impairment and nonsevere impairments did not meet or medically equal, either individually or in any combination, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 26.)

The ALJ next found that Plaintiff had the residual functional capacity (RFC) to perform work at all levels except that she is limited to simple, routine, repetitive tasks with few, if any, workplace changes; no contact with the public; no contact with co-workers except when starting or ending a shift; and restricted from fast-paced production

requirements. (Tr. 27.) The ALJ then determined that Plaintiff has past relevant work as a cashier, nursing assistant, fast food worker, kennel attendant, cook, and spool maker. (Tr. 30.) The ALJ noted that Plaintiff was thirty-eight at the time of her alleged onset date, which is considered to be a younger individual. (Tr. 30.) The ALJ then found that Plaintiff had a limited education and could communicate in English. (*Id.*) Considering her age, education, work experience, and RFC, the ALJ determined that there were jobs which existed in significant numbers in the national economy which Plaintiff could perform. (*Id.*)

## ISSUES

I. **Whether the ALJ applied the proper standard in determining that Plaintiff's interstitial cystitis was not severe.**

II. **Whether the ALJ erred in rejecting the testimony of Plaintiff's father.**

## DISCUSSION

I. **Did the ALJ follow the "slight abnormality" standard in determining that Plaintiff's interstitial cystitis was not severe?**

In her first enumeration of error, Plaintiff contends that the ALJ erred in failing to follow the "slight abnormality" standard when she determined that Plaintiff's interstitial cystitis was not a severe impairment. (Pl.'s Br. 3; ECF No. 13.) The Regulations, at SSR 96-3p, state that an impairment is severe if it has more than a minimal effect on a claimant's ability to do basic work activities. In this case, the ALJ found that Plaintiff's interstitial cystitis was not severe because her symptoms from this impairment were controlled by prescription medication (Tr. 25).

Plaintiff contends that because her interstitial cystitis causes her to urinate ten to eleven times a day, it has more than a minimal effect on her ability to work, and thus, is a severe impairment.  (Pl.'s Br. 4.)  A review of the record, however, reveals that when Plaintiff is taking Utira-C, a medication she is prescribed for her interstitial cystitis, her urinary frequency improves.  (Tr. 432, 570-574.)  Furthermore, the medical record shows that although Plaintiff visited the Urology Clinic many times, there is no record of her complaining of frequent urination in treatment notes when she was on the Utira-C medication.  (Tr. 563-598.)  Plaintiff's citation to a medical article which states that interstitial cystitis *can* cause significant limitations on a person's ability to work, is immaterial.  Simply stating that an impairment may cause significant work-related limitations does not constitute proof that those limitations exist for the Plaintiff.

"The burden is on the claimant to provide evidence of the effect of the impairment on her ability to work."  *Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005).  Claimant did not satisfy her burden of proof because she failed to establish that her interstitial cystitis was a "severe," medically determinable impairment.  The ALJ discussed Plaintiff's interstitial cystitis and found, based on the evidence of record, that it had no more than minimal impact on her ability to do work-related activities.  Thus, it is found that the ALJ's decision was based on proper standards and was supported by substantial evidence.

As noted above, at Step Two of the sequential process, the ALJ must determine whether a claimant's impairments are severe.  See 20 C.F.R. § 404.1520(a)(4)(ii).  A severe impairment is one that significantly limits the claimant's ability to do basic work

activities. *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir.1997). The Eleventh Circuit has repeatedly held that even if an ALJ errs in failing to determine whether one of a claimant's impairments was a severe impairment, the error is harmless as long as the ALJ concludes that any other of the claimant's impairments are severe, which is all that step two requires. *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824-25 (11th Cir. 2010). "Nothing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe. Instead, at step three, the ALJ is required to demonstrate that it has considered all of the claimant's impairments, whether severe or not, in combination." *Heatly*, 382 F. App'x at 825. Thus, even if this Court found that the ALJ erred in determining this impairment was nonsevere, which it does not find, the ALJ did not commit reversible error finding that Plaintiff's interstitial cystitis was nonsevere.

II.     **Did the ALJ err in rejecting the testimony of Plaintiff's father?**

In her second enumeration of error, Plaintiff contends that the ALJ erred in failing to provide any reasons for rejecting the opinion testimony of Plaintiff's father, who testified regarding her mental functioning. (Pl.'s Br. 5.) Plaintiff's argument, however, is flawed.

There is no requirement that the ALJ specifically state the reasons she rejected the testimony of a lay witness. It is generally required that an ALJ "state specifically the weight accorded each item of evidence and the reasons for his decision." *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir.1986). Where the ALJ fails to make an explicit credibility determination as to a family member's testimony or statements, however, no

error is found as long as the credibility determination made by the ALJ "was implicit in the rejection of the claimant's testimony." *Foreman v.* Astrue, 2010 WL 3292810, *6 (M.D.Fla. 2010); *Osborn v. Barnhart*, 194 Fed. App'x 654, 666 (11th Cir.2006) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1254–55 (11th Cir.1983)).

In this case, in evaluating Plaintiff's credibility, the ALJ stated that while she found "the Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, the Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the above residual functional capacity assessment." (Tr. 28.) It is clear that in making his specific finding as to Plaintiff's credibility, the ALJ implicitly rejected the testimony of Plaintiff. Because the ALJ was not required to articulate her reasons for discrediting Plaintiff's father's testimony where she discredited the testimony of the Plaintiff herself, no error is found.

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is ORDERED that the Commissioner's decision in this case be affirmed.

SO ORDERED, this 8th day of November, 2013.

/s/ STEPHEN HYLES
UNTED STATES MAGISTRATE JUDGE